BARBARA MARTIN ET AL. *v.* TOWN OF PLAINVILLE ET AL.
(13797)

Dupont, C. J., and Lavery and Spear, Js.

Argued October 26, 1995—decision released January 23, 1996

*Steven Errante*, with whom, on the brief, was *David J. Vegliante*, for the appellant (named plaintiff).

*David J. Mathis*, with whom, on the brief, was *Joseph M. Musco*, for the appellee (named defendant).

PER CURIAM. The named plaintiff, Barbara Martin,[1] appeals from the judgment of the trial court rendered in this personal injury action after the court granted the defendant town of Plainville's motion to strike counts one and two of the complaint alleging injury to the plaintiff and loss of consortium on behalf of the plaintiff's husband, respectively. The principal issue raised in this appeal is whether the trial court correctly dismissed the plaintiff's claim for damages for personal injuries resulting from an alleged defect in a sidewalk, located in the defendant town, on the ground that the description of the injuries contained in the notice filed pursuant to General Statutes § 13a-149[2] was insufficient to satisfy the "general description" notice requirements of that statute.

The plaintiff, through her attorney, filed notice of a fall with the office of the town clerk in the town of Plainville via certified mail. In her letter of notice, the plaintiff stated that she had retained legal representation in connection with "injuries she sustained in a fall." The letter of notice also stated that she "was injured

---

[1] The named plaintiff is the sole appellant in this appeal. We refer to her in this opinion as the plaintiff.

[2] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

after she tripped over a defect in the sidewalk." No other information was provided as to the nature of the injuries sustained by the plaintiff or as to the nature of the defect in the sidewalk.

The town moved to strike the two counts of the plaintiff's complaint that pertained to it[3] on the ground that the notice was defective in that (1) it failed to provide a "general description" of the plaintiff's injury, as required by § 13a-149, and (2) it failed to describe the nature of the defect alleged to have caused the plaintiff's fall.

In granting the town's motion to strike, the trial court found that the "notice fails entirely to provide a 'general description' of the injuries alleged to have been suffered." In light of that ruling, the trial court did not reach the issue of whether the failure to describe the alleged defect with greater particularity provided an alternative basis for granting the motion. Accordingly, the town has presented an alternate ground on which it asserts that the trial court's ruling may be affirmed, namely, whether an assertion of a "defective sidewalk" contained in a notice filed pursuant to § 13a-149 is sufficient to satisfy the general description requirements of the statute.

In its memorandum of decision, the trial court viewed its conclusion "as harsh but compelled by the cases and the statute given the facts presented in this case." Specifically, the trial court concluded that the decision rendered in *Marino* v. *East Haven*, 120 Conn. 577, 182 A. 225 (1935), was directly on point and dispositive. In

---

[3] The plaintiff's original complaint was filed against the town of Plainville and the abutting landowners, Robert Bostrom and Bonnie Bostrom. Pursuant to a request to revise, the plaintiff filed a revised complaint that contained four counts. The first two counts were against the town of Plainville, and the latter two counts were against the abutting landowners. The trial court rendered summary judgment on behalf of the abutting landowners leaving the town of Plainville as the sole defendant in this action.

*Marino,* notice indicating that the plaintiff "fell and was injured" was held to be insufficient as a matter of law because of its failure to give a general description of the plaintiff's injuries. Id., 580. In that case, the plaintiff subsequently filed an amendment to his complaint alleging that he did not intend to mislead the defendant and that the defendant was not, in fact, misled. Upon sustaining the trial court's ruling on the defendant's second demurrer, the Supreme Court held that "this defect could not be remedied or its consequences avoided by proof of the allegations of the amended complaint setting up absence of intention to mislead or of actual misleading effect. Although these allegations, if made material by opportunity for the operation of the facts alleged, as in case of inaccuracy as distinguished from total lack, would present questions of fact, no such opportunity is open here, the instance being one of entire absence of an essential element of the notice, fatal to its sufficiency as a matter of law." Id., 580–81.

We agree with the trial court's assessment that *Marino* v. *East Haven,* supra, 120 Conn. 577, controls the outcome of the present case. We also conclude that the principles of stare decisis and the fact that we are an intermediate court prevent us from reexamining or reevaluating Supreme Court precedent. See *Brunswick* v. *Inland Wetlands Commission,* 25 Conn. App. 543, 553, 596 A.2d 463 (1991), rev'd on other grounds, 222 Conn. 541, 610 A.2d 1260 (1992) (whether Supreme Court holding should be reevaluated and possibly discarded not for this court to decide); *Board of Education* v. *Bridgeport Education Assn.,* 9 Conn. App. 199, 203–204, 518 A.2d 394, cert. denied, 202 Conn. 802, 519 A.2d 1206 (1987); see also *O'Connor* v. *O'Connor,* 4 Conn. App. 19, 20, 492 A.2d 207 (1985), rev'd on other grounds, 201 Conn. 632, 519 A.2d 13 (1986) (whether traditional rule of lex loci delicti should be reevaluated and possi-

bly discarded in appropriate circumstances not for this court to decide).

The judgment is affirmed.