[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#118) AND (#121)
On February 15, 1996, the plaintiff, Delores Vaccaro, filed a seven count amended complaint against the defendants, the City of Stamford, and Frank N. Peluso, (who is also an intervening plaintiff), for injuries she sustained as a result of a slip and fall due to an accumulation of ice and snow on a public sidewalk abutting Mr. Peluso's property. The defendant, Frank Peluso, filed a motion to intervene on January 22, 1996, and thereafter filed an amended intervening complaint on March 1, 1996.
The City of Stamford ("defendant") filed a motion to strike (#118) the plaintiff's amended complaint on February 22, 1996, accompanied by a memorandum in support of its motion. Thereafter, the defendant filed a motion to strike (#121) Peluso's amended intervening complaint on March 5, 1996, accompanied by a memorandum in support if its motion. The plaintiff filed an objection to the defendant's motion to strike on March 6, 1996, and Peluso filed his objection to the defendant's motion to strike on March 1, 1996.[1]
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372-73, 636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth oraccuracy of opinions stated in the pleadings." (Emphasis in original) Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant argues that the first count of the plaintiff's complaint and the intervening plaintiff's complaint, alleging that the City of Stamford was negligent, should be stricken on the grounds that the notice allegedly given under General Statutes § 13a-149 was fatally defective as it did not identify the cause of the plaintiff's injuries. CT Page 4054-ZZ
General Statutes § 13a-149 provides in pertinent part: "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."
"The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests." Pratt v. Old Saybrook,225 Conn. 177, 182, 621 A.2d 1322 (1993). Furthermore, the savings clause of General Statutes § 13a-149 provides: "[n]o notice given under the provisions of the section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." However, "while the savings clause will excuse inaccuracies in the content of the notice, . . . it will not excuse a complete absence of notice." Durso v. Town of Sherman,
Superior Court, judicial district of Danbury, Docket No. 317959 (May 8, 1995, Leheny, J.), citing Nicholaus v. Bridgeport,117 Conn. 398, 401, 167 A. 826 (1933). In Nicholaus, the plaintiff altogether failed to indicate the cause of her fall, the defect or defective condition that brought about her injury. Therefore, the court held that the savings clause was inapplicable as a matter of law because there was a complete absence of notice as to the dangerous condition that caused the fall. See also Martinv. Plainville, 40 Conn. App. 179, 180, 669 A.2d 1241 (1996) (the court granted the defendant's motion to strike the plaintiff's complaint for inadequate notice where the plaintiff failed to describe the nature of the defect alleged to have caused the plaintiff's fall); Collins v. Meriden, 41 Conn. Sup. 425, 427,580 A.2d 549 (1990) (where the notice claimed that her injuries were caused by a defective and improper condition of the sidewalk, the court held that the notice was insufficient);Schofield v. Frankel, Superior Court, judicial district of New CT Page 4054-AAA Haven at New Haven, Docket No. 0375919 (December 8, 1995, Zoarski, J.).
Likewise, in the present case the plaintiff claims that her injuries were sustained in a "slip and fall on a defective highway/sidewalk." in light of the aforementioned cases, this notice is inadequate since it fails to describe the defect or defective condition that allegedly caused her injury, since it makes no mention of any accumulation of snow or ice. Accordingly, the defendant's motions to strike are granted.
ARNOLD, J.