[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
The plaintiff, Alexis Sanchez, filed a five count complaint, dated December 21, 1995, against the defendants. The defendants include the City of Stamford (the City), Juan Rosa, and Lourdes Rosa. Attached to the complaint, the plaintiff filed a letter to the City's clerk, dated February 14, 1994. In this letter, the plaintiff provided the City with notice of her intention to commence a personal injury action for damages and losses incurred in an automobile accident on Myano Lane, Stamford, CT.
On January 31, 1996, the defendant City filed a motion to strike the first count of the plaintiff's complaint. With the motion, the City filed a memorandum of law in support.
Meanwhile, on February 21, 1996, the defendants Lourdes and Juan Rosa filed their answer, and a special defense.
In response to the City's motion to strike the first count in the plaintiff's complaint, the plaintiff filed a memorandum of law in opposition, dated May 22, 1996.
Through a motion to strike, a party may contest the legal sufficiency of a complaint's allegations for failure to state a claim upon which relief can be granted. RK Constructors Inc. v.Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Id. The court must, "construe the facts alleged in the complaint in a light most favorable to the pleader." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems. Inc. v. The BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." D'Ulisse-Cupo v. Board of Directorsof Notre Dame High School, 202 Conn. 206, 218-19, 520 A.2d 217
(1987).
The City's first ground for its motion to strike is that the plaintiff failed to provide the City with the proper notice of her claim, pursuant to General Statutes § 13a-149.[1]
Specifically, the defendant argues that the plaintiff's notice fails to provide the required general description of the injuries sustained. Consequently, the City argues that the plaintiff's first count is legally insufficient.
In response, the plaintiff argues that although her notice CT Page 5163-L did not give a general description of her injuries, the nature of these injuries had not been fully determined at the time of notice. The plaintiff, however, argues that she fulfilled the purpose of the notice requirement. Further, the plaintiff argues that she neither intended nor actually misled the City.
In Martin v. Plainville, 40 Conn. App. 179, 669 A.2d 1241
(1996), cert. granted, 236 Conn. 912, ___ A.2d ___ (1996), the plaintiff Martin appealed to the Appellate Court from the superior court's decision to grant the defendant town of Plainville's motion to strike counts one and two of the complaint. The plaintiff had alleged personal injury and loss of consortium, on behalf of the plaintiff's husband. The principle issue in the Martin v. Plainville appeal was "whether the trial [superior] court correctly dismissed the plaintiff's claim for damages for personal injuries resulting from an alleged defect in a sidewalk, located in the defendant town, on the ground that the description of the injuries contained in the notice filed pursuant to General Statutes § 13-149 was insufficient to satisfy the `general description' requirement of that statute."Martin v. Plainville, supra, 40 Conn. App. 180.
In Martin v. Plainville, supra, 40 Conn. App. 180-81, the plaintiff "filed notice of a fall with the office of the town clerk in the town of Plainville via certified mail. In her letter of notice, the plaintiff stated that she had retained legal representation in connection with `injuries she sustained in a fall.' The letter of notice also stated that she `was injured after she tripped over a defect in the sidewalk.' No other information was provided as to the nature of the injuries sustained by the plaintiff or as to the nature of the defect in the sidewalk." Id. "In granting the town's motion to strike, the trial [superior] court found that the notice fails entirely to provide a general description of the injuries alleged to have been suffered." (Internal quotation marks omitted.) Id., 181.
The Appellate court in Martin v. Plainville, noted that the "trial [superior] court concluded that the decision rendered inMarino v. East Haven, 120 Conn. 577, 182 A. 225 (1935), was directly on point and dispositive." Id., 181. Further, the Martinv. Plainville Appellate court stated that "[i]n Marino, notice indicating that the plaintiff fell and was injured was held to be insufficient as a matter of law because of its failure to give a general description of the plaintiff's injuries. . . ." (Citation omitted; internal quotation marks omitted.) Id., 182. The MartinCT Page 5163-Mv. Plainville Appellate court agreeing with the trial [superior] court's assessment that Marino v. East Haven, supra, 120 Conn. 577, controlled the outcome of the case, affirmed the superior court's decision to grant the town of Plainville's motion to strike counts one and two of the complaint.
The Martin v. Plainville Appellate court's decision controls the outcome of the present case. In the present case, the plaintiff filed a certified letter notifying the City's clerk that on December 23, 1993, at approximately midnight, on Myano Lane, the plaintiff and the passenger were in an automobile, which lost control when it hit a patch of ice, and careened off the road. The plaintiff also notified the City that she intended to commence a personal injury action for damages and losses sustained "by and due to the negligence and carelessness of the defendant, City of Stamford, in allowing an icy hazardous condition [to] exist on a city roadway." In this letter, the plaintiff also stated that "[e]xtended [extent of] injuries at this time are not known. Claimant is treating with a physician." The plaintiff did not provide other information as to the nature of the injuries she sustained. The description of the plaintiff's injuries contained in the notice filed, pursuant to General Statutes § 13-149, does not satisfy the `general description' requirement of General Statutes § 13-149. Accordingly, the court grants the City's motion to strike the first count of the plaintiff's complaint. The court's ruling is harsh but is compelled by the cases and the statute given the facts presented in this case.
Additionally, because the court has granted the City of Stamford's motion to strike based on deficient notice, pursuant to General Statutes § 13a-149, the court does not need to address the City's second ground for the motion to strike.[2]
LAWRENCE L. HAUSER, JUDGE