[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 137)
This dispute reaches the court on defendants' Motion for Summary Judgment. The facts are as follows. The plaintiff, Leonora Blake, was crossing a driveway on school grounds on March 21, 1995, at approximately 2:45 p. m. when she was struck by an automobile operated by Vibol Hang and owned by Virak Vann. The vehicle was unregistered and uninsured at the time of the accident. The plaintiff filed her original complaint on April 15, 1997, citing as defendants, among others, the Bridgeport Board of Education (the board) and the City of Bridgeport (the city). The plaintiff filed an amended complaint on December 11, 1998, substituting Andrew Karcich, Principal of Central High School, as a defendant in place of the board and city. The amended complaint names the board and the city as defendants solely with regard to their duties of indemnification pursuant to General Statutes §§10-235 and 7-465.
The defendants moved for summary judgment on May 3, 1999, on the grounds that: (i) the complaint against Karcich is barred by the statutes of limitations contained in General Statutes §§7-465 and 52-584, (2) the claims against the city are legally insufficient because the plaintiff did not name an individual employee of the city as a defendant within the period required by General Statutes § 7-465 and (3) that the claims against the board are barred because General Statutes § 10-235 does not permit a direct cause of action against a board of education, or, alternatively, that the claims against the board must fail because an individual employee of the board was not sued before the statute of limitations had run. The defendants filed a brief in support of their motion.
The plaintiffs filed an objection to the motion for summary judgment on June 7, 1999. They argue that: (1) the amended complaint relates back to the original complaint, therefore, an individual employee of the city was named as a defendant as required by General Statutes § 7-465 within the time required by General Statutes §§ 52-584 and 7-465 and (2) direct indemnification claims under General Statutes §§ 7-465 and 10-235
are permissible.
Summary judgment shall be rendered forthwith if the pleadings, CT Page 271 affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Alvarez v. New HavenRegister, Inc., 249 Conn. 789, 714, ___ A.2d ___ (1999) The party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Dotyv. Mucci, 238 Conn. 800, 803, 679 A.2d 945 (1996). It is not enough for the opposing party merely to assert the existence of a disputed issue. Id; see also Burns v. Hartford Hospital,192 Conn. 451, 457, 472 A.2d 1257 (1984) (plaintiff's sworn deposition later contradicted by affidavit not sufficient to raise question of fact).
Summary judgment may be granted where the claim is barred by the statute of limitations. Doty v. Mucci, supra, 238 Conn. 806. Summary judgment, however, is only appropriate on statute of limitation grounds when there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations. Shuster v. Buckley, 5 Conn. App. 473,477, 500 A.2d 240 (1985), citing Burns v. Hartford Hospital, supra, 192 Conn. 451. The date of alleged tortious conduct and the date the action was filed are material facts. See Collum v.Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996).
The plaintiff filed an amended complaint on December 11, 1998, over three and one-half years after the plaintiff sustained injuries, naming Karcich as a defendant. However, under § 52-584
of the Connecticut General Statutes, no action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct shall be brought but within two years from the date when the injury is first sustained or discovered. See also Rivera v. Double ATransportation, Inc., 248 Conn. 21, 25, ___ A.2d ___ (1999), citing General Statutes § 52-584.
The parties to the present case agree that the viability of a negligence action against Karcich rests upon a finding that the amended complaint relates back to the original complaint filed April 15, 1997. See General Statutes § 52-584. In the present case, the defendant relies upon Kaye v. Manchester,28 Conn. App. 439, 443, 568 A.2d 459 (1990), in asserting that the amended complaint did not relate back to the date of the original complaint. CT Page 272
Amended complaints are considered filed at the time of the original complaint or relate back if the amendments merely correct the description of a party, but do not substitute or change the party's identity. See id., 444. A change or substitution of a party creates a new cause of action. See, e.g.,Chreiman v. ITT Hartford Group, Superior Court, judicial district of New London at New London, Docket No. 545908 (Mar. 29, 1999,Purtill, J.T.R.) (substituting Hartford Fire for ITT Hartford Group was new cause of action because it introduced new party to action rather than correcting misnomer). A new cause of action does not relate back to the date of the original complaint. SeeKeenan v. Yale New Haven Hospital, 167 Conn. 284, 285,355 A.2d 253 (1974).
The test applied to determine whether an amendment is correcting a misnomer as opposed to substituting a new party or claim requires consideration of the following: (1) whether the defendant had actual notice of institution of the action; (2) whether the defendant knew he was a proper party; and (3) whether the defendant was prejudiced or misled in any way. Kaye v.Manchester, supra, 20 Conn. App. 444, citing Pack v. Burns,212 Conn. 381, 385, 562 A.2d 24 (1989).
Applying the first prong of the test, the court in Pack found actual notice where "it [was] evident that the plaintiff intended to sue the commissioner of transportation and that the commissioner knew that he was the intended defendant." Pack v.Burns, supra, 212 Conn. 385. In Kaye v. Manchester, supra,20 Conn. App. 441, the plaintiff named the town and the board of education in his complaint and service was made on the town clerk and the chairman of the board of education. The court concluded that because the chairman of the board of education was not named as a defendant, he was not on notice that he was being sued individually. Id., 443.
In the present case, a letter dated April 20, 1995, was allegedly mailed to Karcich on April 20, 1995. The letter was addressed to the "principal" and mailed to Central High School. It states that plaintiff's counsel represents the plaintiff with regard to an accident that occurred March 21, 1995, and instructs the addressee to forward the letter to his insurer promptly. There is no evidence, nor has the plaintiff alleged, that the original complaint filed April 15, 1997, was served upon Karcich. From these facts, it is clear that Karcich did not have notice of the institution of the action against him. CT Page 273
Applying the second prong of the test, the court concluded inPack v. Burns, supra, 212 Conn. 385, that the commissioner of transportation knew he was a proper party, partially because there was no other party that could reasonably be the defendant under the circumstances. The court in Kaye found, in circumstances similar to those in the present case, that the defendant chairman of the board of education "had no way of knowing that he was to be a party [to the action]." Kaye v.Manchester, supra, 20 Conn. App. 446. The original complaint in the present case refers to Karcich once, stating that "[a]t all times mentioned herein, Andrew Karcich was the principal of Central High School and plaintiff was in his care, custody and control." (Complaint filed April 15, 1997, count two, para. 5). This complaint was not served upon Karcich. Consequently, upon the disclosed facts of the present case, Karcich did not know he was a proper party to the action.
Applying the third prong of the test, the court in Pack
concluded that the commissioner was not prejudiced or misled by the amendment of the pleading in that case. Pack v. Burns, supra,212 Conn. 386. "He has been represented by the same counsel throughout these proceedings and has fully participated in the defense of the action. He makes no claim of prejudice nor does our examination of the record disclose this to be the case. Id. In Kaye, however, the court determined that the chairman of the board of education "would be prejudiced by the mere passage of time if the amended complaint were to relate back." Kaye v.Manchester, supra, 20 Conn. App. 446. "[A]lthough the [chairman] had notice of the institution of the original action, he was not a party to it, had no way of knowing that he was to be a party, and would be prejudiced by the passage of time if the amended complaint were to relate back." (Citation omitted.) Id. In Kaye, nearly five years elapsed between the date of the accident and the filing date of the amended complaint naming the chairman as a defendant. Likewise, in Sandvig v. Dubreuil, application of the three part test led the court to find that "as a matter of law, [the defendant] was prejudiced by the delay in making it a proper party to [the] suit after the expiration of the period of limitations of C.G.S. 52-584." Sandvig v. Dubreuil, Superior Court, judicial district of New London at Norwich, Docket No. 104218 (May 7, 1999, Parker, J.). In Sandvig, nearly five years elapsed between the date of the accident and the date the defendant was served with the amended complaint. See id. The court also found that the defendant had not, unlike the defendant CT Page 274 in Pack, received notice of the suit. See id.; see also Pack v.Burns, supra, 212 Conn. 385, 386.
In the present case, over one and one-half years elapsed between the filing of the original complaint on April 15, 1997, and the filing of the amended complaint on December 11, 1998. Furthermore, over three and one-half years elapsed between the date the accident occurred and the time that the amended complaint was filed. Unlike the defendant in Pack, there is no evidence that Karcich had been actively involved in the defense of the suit. Karcich was not served with the original complaint and there is no evidence that he had meaningful notice and/or knowledge that he was a proper party to the action. Based on the standard set forth in Pack, and applied under circumstances similar to those in the present case in both Kaye and Sandvig, this court is constrained to find as a matter of law that Karcich would be prejudiced if the complaint were to relate back.
The plaintiff, in opposing this motion, reasons that a favorable ruling with regard to the first two prongs of the test, actual notice of the action and defendant's knowledge that he was properly a party to the action, defeats a claim that the defendant was prejudiced or misled by the passage of time. However, based on the above discussion of the evidence of actual notice and evidence regarding the defendant's knowledge, the plaintiff fails to "provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998).
Applying the results of each of the three prongs of the test announced in Pack to the present case, this court concludes that the amended complaint states a new cause of action against Karcich and does not relate back to the original complaint. Accordingly, the cause of action against Karcich is barred by §52-584 which requires that a negligence action be brought within two years of the date the injury was discovered.
The defendants also challenge the legal sufficiency of the indemnification claims against the city on the ground that the plaintiff is barred from attempting to find negligence on the part of Karcich, a prerequisite to a claim under § 7-465. There is a split of authority within the Appellate Court regarding whether legal sufficiency is properly tested by a motion for summary judgment. See, e.g., Drahan v. Board of Education, CT Page 27542 Conn. App. 480, 498 n. 17, 680 A.2d 316 (1996), cert. denied239 Conn. 921, 682 A.2d 1000 (1996); Burke v. Avitabile,32 Conn. App. 765, 772, 630 A.2d 624 (1993), cert denied 228 Conn. 908,634 A.2d 297 (1993). However, inasmuch as our Supreme Court affirmed a trial court's use of summary judgment to dispose of a legally insufficient claim, see Haynes v. Yale-New HavenHospital, 243 Conn. 17, 39, 699 A.2d 964 (1997), there is authoritative support that a motion for summary judgment is the proper means by which to challenge the legal sufficiency of the plaintiff's pleading in the present case. See Martin v.Plainville, 40 Conn. App. 179, 182, 669 A.2d 1241 (1996) (principles of stare decisis prevent intermediate courts from "reexamining or reevaluating Supreme Court precedent").
Having addressed the procedural claim, the court now addresses the substantive issue raised by defendants' motion. Section 7-465
is a municipal employee indemnification statute. Altfeter v.Naugatuck, 53 Conn. App. 791, 799, ___ A.2d ___ (1999), citingPratt v. Old Saybrook, 225 Conn. 177, 179, 621 A.2d 1322 (1993). The legislature has provided for indemnification by municipalities of municipal officers, agents or employees who incur liability for certain of their official conduct. Altfeterv. Naugatuck, supra, 53 Conn. App. 799, citing Williams v. NewHaven, 243 Conn. 763, 768, 707 A.2d 1251 (1998). To invoke §7-465, the plaintiffs first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. Altfeter v.Nauaatuck, supra, 53 Conn. App. 799, citing Sestito v. Groton,178 Conn. 520, 527, 423 A.2d 165 (1979). Although § 7-465
provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment under certain prescribed conditions, it is clear that the municipality does not assume the liability in the first instance. Altfeter v.Naupatuck, supra, 53 Conn. App. 799, citing Fraser v. Henninger,173 Conn. 52, 56, 376 A.2d 406 (19-77). Thus, in a suit under §7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual. Wu v. Fairfield, 204 Conn. 435, 438, 528 A.2d 364
(1987). In the present case, the claim against the defendant city under § 7-465 is legally insufficient. This is because the plaintiff failed to claim an individual employee of the city was negligent and is now barred, pursuant to § 52-584, from doing so. CT Page 276
The defendants finally argue that the claims against the board are barred because § 10-235 does not permit a direct cause of action against a board of education. Alternatively, they argue that the claim must fail because an individual employee of the board was not sued before the statute of limitations had run. "Section 10-235 is . . . an indemnification statute contingent on a judgment's being obtained against a board member, teacher, employee or any member of the board's supervisory or administrative staff." Burns v. Board of Education,30 Conn. App. 594, 602, 621 A.2d 1350 (1993), rev'd on other grounds,228 Conn. 640, 638 A.2d 1 (1994). Under General Statutes § 10-235, the
legislature intended to make indemnification available to a board of education employee for losses sustained from claims or suits for damages resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment. King v. Board of Education, 203 Conn. 324, 326,524 A.2d 1131 (1987). In Burns v. Board of Education, supra,30 Conn. App. 602, the court observed: "since the plaintiff's have alleged that the basis for their claim is the superintendent's negligence, if that fails, so [do] the derivative claims that are based on it."
In the present case, indemnification under § 10-235 requires a judgment against Karcich for the reasons already discussed. If such judgment cannot be obtained, the plaintiff's claim under General Statutes § 10-235 must fail. A fortiori claim against the defendant board fails because a negligence action against Karcich is barred by the statute of limitations found in § 52-584.
Finally, resolution of the defendant's alternative argument is not required because the court has concluded that the plaintiff failed to sue an individual employee within the period specified by statute. See Gagliardi v. Consiglio, Superior Court, judicial district of New Haven at New Haven, Docket No. 380916 (September 16, 1997, Zoarski, J.) (20 Conn. L. Rptr. 264).
 CONCLUSION
For the reasons herein indicated, the plaintiff's amended complaint does not relate back to the original complaint and is a new cause of action against defendant Karcich. Accordingly, judgment must enter for defendant Karcich as a matter of law.
The claim against the defendant city under § 7-465 is legally CT Page 277 insufficient because recovery under the statute requires a finding that a person covered by the statute was negligent. As to that issue, there is no genuine issue of material fact and the defendant city is entitled to judgment as a matter of law.
Finally, § 10-235, like § 7-465, permits recovery only upon a finding of negligence. Upon granting the defendants' motion for summary judgment as to negligence, there is no genuine issue of material fact and judgment must therefore enter for the defendant board as a matter of law.
MELVILLE, J.