GEORGE W. GOODWIN vs. CITY of GARDINER.

Kennebec.   Opinion February 4, 1892.

*Town.   Way.   Defect.   Notice.   R. S., c. 18, § 80.*

A notice given to a town, by a person claiming to have received an injury occasioned by a defective way in such town, that he received " severe bodily injuries " is not sufficient to sustain an action.

The statute requires the nature of the injuries to be stated.

On exceptions.

This was an action on the case to recover damages sustained by the plaintiff from alleged defects in the highway.

The case was tried in the Superior Court for Kennebec county. The presiding justice ruled that the plaintiff's statute notice of his injuries was insufficient and ordered a nonsuit. The plaintiff excepted to this ruling.

*Farr and Lynch,* for plaintiff.

*A. L. Perry,* and *Baker, Baker and Cornish,* for defendants.

Peters, C. J. The plaintiff, claiming that he had received a personal injury caused by a defective highway in the city of Gardiner, seasonably sent to the city this notice :

"To the City Clerk of Gardiner: I, George W. Goodwin, of Randolph, Maine, in the county of Kennebec, on the first day of January, 1890, met with serious injuries in the city of Gardiner, on a street leading from Water street to Steamboat wharf, at a point where the railroad passes over said street, by the street having been graded up so that said street was not safe and convenient for public travel. I was caught between a load of pressed hay, and the railroad bridge at said point, and received severe bodily injuries for which I claim damages of the city of Gardiner.                       George W. Goodwin."

This was objected to by the defendants as insufficient, and we think the objection must be sustained. The statute requires more than a bare statement that a bodily injury was received. The nature of the injury must be stated. This notice describes with particularity the place and manner of the accident, but makes no mention of the kind of bodily injury sustained. It would have been more natural for the plaintiff, if really injured severely, to state how and to what extent the injury affected him, whether upon the head or back, upon his arms or legs, and whether general or particular. The assertion is that he met with injuries, and not one of them is named. No kind of injury is either included or excluded by the notice.

One object of the statute requiring notice within fourteen days after an injury is alleged to have been received, is that the

injured person shall thus early commit himself to a statement of his condition when he would be more likely to describe it frankly and fairly than at a later period. There is great temptation to magnify and exaggerate such personal injuries, and the town is entitled to as particular a notice as can reasonably be given. This case is virtually determined by that of *Low* v. *Windham*, 75 Maine, 113, where a very similar notice was held to be defective. There the notice was " of injuries I received in going through the bridge at Great Falls." The court regarded the implication to be that a bodily injury was received, but rejected the notice as insufficient because the nature of the bodily injuries was not stated.

The case of *Blackington* v. *Rockland*, 66 Maine, 332, does not conflict with these views. That was a close case, and the rule then estabished should not be extended beyond the point decided. In that case a statement that "my [plaintiff's] horse was injured" at a certain time and place in Rockland, was held to be a sufficient description of the nature of that plaintiff's injury. But the very reasons given for sustaining the sufficiency of that notice illustrate the deficiency of the present notice. A man can usually tell his own personal sufferings more exactly than he can describe those of a horse. A man can exaggerate, conceal or deceive ; a horse cannot. A man may be able to practice an imposition as to his own personal injury, but would find it difficult to do so in respect to an injury to his horse.                              *Exceptions overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.