EMILIO MARINO *vs.* THE TOWN OF EAST HAVEN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 6th—decided December 3d, 1935.

*W. H. Burland* and *Morris B. Straka,* for the appellant (plaintiff).

*George E. Beers,* with whom was *Bertram Weil,* for the appellee (defendant).

HINMAN, J. The plaintiff alleged in his complaint that he fell and was injured, on June 2d, 1934, by rea-

son of a defect in a sidewalk in the defendant town, and by amendment set forth a copy of the notice given on his behalf to the defendant, on June 6th, which disclosed that the only reference therein to his injuries was a statement that he "fell and was injured" and the place specified was on Merline Avenue. A supplementary notice, filed more than six months afterward, stated that the defect was in Coe Avenue instead of Merline Avenue. The defendant demurred to the complaint as so amended on the grounds that the notice contained no general description of the plaintiff's injury or the place of its occurrence, and the demurrer was sustained on both grounds. Thereafter the plaintiff filed an amendment to his complaint alleging that he did not intend to mislead the defendant by any inaccuracy in the notice and that the town was not in fact misled. The sustaining of a second demurrer, on grounds similar to those first set up, is assigned as error on this appeal.

The provisions of the statute (General Statutes, § 1420) which are directly involved are that no action for damages for injuries sustained through a defective highway shall be maintained against any town unless written notice of such injury and "a general description of the same" and of the cause thereof and of the "time and place of its occurrence" shall be given to a selectman of such town "within sixty days," except where action is begun within such time. The statute further provides that "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it shall appear that there was no intention to mislead or that such town . . . was not in fact misled thereby."

The giving of a notice sufficient to satisfy the re-

quirements of the statute is a condition precedent to the maintenance of an action under it. The obligation to comply with the statute in this respect rests upon the plaintiff, and lacking such sufficient notice he has no cause of action which he can maintain against the defendant town. *Nicholaus* v. *Bridgeport*, 117 Conn. 398, 401, 402, 167 Atl. 826. The sufficiency of the notice is to be tested by the provisions and purpose of the statute. We have quite recently reviewed the legislative history of the successive statutory requirements concerning this notice. *Sizer* v. *Waterbury* (1931) 113 Conn. 145, 156, 154 Atl. 639. The general purpose of the original requirement of written notice (Public Acts, 1874, Chap. 23) pervades the succeeding changes in phraseology as to the content and extent of the notice and the statute now in effect. That purpose is that the officers of a municipal corporation against which claim is made for damages for injuries shall be provided with such information as will enable them to intelligently investigate the facts upon which the claim is based. *Shaw* v. *Waterbury*, 46 Conn. 263, 266. "The purpose of these notices is 'that of furnishing the recipients with such available information as is essential to assist them in self-protection.' " *Krooner* v. *Waterbury*, 105 Conn. 476, 481, 136 Atl. 93. See also *Goodwin* v. *Gardiner*, 84 Me. 278, 24 Atl. 846.

As we pointed out in *Sizer* v. *Waterbury*, supra, p. 156, the notice which the statute prescribes comprehends five essential elements:* (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time, and (e) the place thereof. The description of the injury required by (b) is one which, although permitted to be somewhat more general than its predecessor, which required a statement of the "nature and cause" of the injury (Public Acts, 1883, Chap. 105), shall be "sufficient to apprise the

other party of the general character of the injury fairly, and to such an extent as might be reasonably necessary, under the circumstances, to reasonably protect his interests." It is a general description of "the direct or immediate injury" as distinguished from the resulting consequential damages. *Cassidy* v. *Southbury*, 86 Conn. 45, 50, 51, 84 Atl. 291.

While the notice given in the present case complies with element (a) by stating the fact of the incurrence of an injury, it is obvious that it entirely omits any description thereof, as prescribed by (b). The plaintiff seeks to avert the consequences otherwise attaching to this total lack of one of the essential elements of the notice by alleging that he did not intend to mislead, and that the town was not in fact misled by any inaccuracy in the notice. The statutory provision, of which these allegations are intended to take advantage, is to the effect that no notice shall be held invalid or insufficient because of an "inaccuracy in describing the injury . . . if it shall appear that there was no intention to mislead or that [the municipality] was not in fact misled thereby." General Statutes, § 1420, quoted supra. We held in *Nicholaus* v. *Bridgeport*, supra, p. 401, that this provision could not avail to make valid a notice which failed entirely to state the cause of the injury. The same applies with equal force and finality to the failure of the notice now under consideration to give any description whatever of the injury claimed to have been sustained. Therefore this defect could not be remedied or its consequences avoided by proof of the allegations of the amended complaint setting up absence of intention to mislead or of actual misleading effect. Although these allegations, if made material by opportunity for the operation of the facts alleged, as in case of inaccuracy as distinguished from total lack, would present

questions of fact, no such opportunity is open here, the instance being one of entire absence of an essential element of the notice, fatal to its sufficiency as a matter of law.

The misstatement of the place of injury as on Merline Avenue instead of Coe Avenue also was made ground of demurrer, being claimed to be more than a mere inaccuracy which might be cured by proof of lack of intent to mislead or that the defendant was not misled, but amounting to a failure to give any notice of the place. As the omission of description of the injury was a sufficient ground to sustain the demurrer and defeat the plaintiff's action, there is no need to consider and determine whether or not the trial court was correct in sustaining this further ground.

There is no error.

In this opinion the other judges concurred.