WALTER AND FRANK PRESTOFF, EXECUTORS (ESTATE OF EVA PRESTOFF) *v.* WILLIAM SLIPKOWSKI.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 7—decided November 26, 1940.

*M. F. Stempien,* for the appellants (plaintiffs).

*Edward W. Broder* appeared for the appellee (defendant), but, at the suggestion of the court, did not argue the cause.

PER CURIAM. The plaintiffs, as executors of the estate of their mother, Eva Prestoff, brought this action to recover from the defendant, the husband of the deceased's sister, upon an alleged loan of $1000 by the deceased to him. The trial court has found the following facts: About six months before she died, the deceased, at her request, was taken in an automobile by the defendant and his wife to a point at the curb in front of a savings bank in which she had a deposit. As she could walk only with very great difficulty, the treasurer of the bank came to the car. She informed him that she wished to withdraw $1000. The necessary formalities being complied with, he brought her a check to her order for that amount. She then stated that she wished cash. He told her that if she would indorse the check, the defendant could cash it at a nearby national bank. Accordingly she indorsed it by her mark, witnessed by the treasurer, and the defendant took it to the national bank where he indorsed it and received $1000 in cash. He returned to the automobile and gave the money to the deceased. She did not give the money to him nor did he ever borrow it from her. Upon these findings, the only possible judgment was that rendered by the trial court, for the defendant. The plaintiffs in the appeal do not attack the finding as made, but seek to have added to it a paragraph to the effect that three days before her death the deceased told them that she had loaned $1000 to the defendant and instructed them to collect it. Only one of the plaintiffs testified to such a statement, although he stated that the other was present at the time; and this, with other circumstances, might well have led the trial court to question whether such a statement had been made. But, even if it had been, this would not suffice to overturn the finding, because it would be but evidence, to be weighed with the other evidence in the

case, and this the trial court believed sufficient to establish that no loan had been made.

There is no error.