ANNA FLYNN *v.* FIRST NATIONAL BANK AND TRUST
COMPANY OF NEW HAVEN, TRUSTEE, ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 8—decided December 21, 1944.

*Harold C. Donegan,* with whom, on the brief, were *Vincent P. Dooley* and *A. Frederick Mignone,* for the appellant (defendant city of New Haven).

*John H. Sheehan* and *Isadore Chaplowe,* for the appellee (plaintiff).

BROWN, J. Upon this appeal from a judgment for the plaintiff against the city of New Haven, herein referred to as the defendant, these material facts are undisputed: On November 18, 1939, the plaintiff, while walking easterly along the southerly sidewalk of George Street in New Haven in the exercise of due care, fell over a stepping stone near the curb and was injured. The stone made the sidewalk defective within the provisions of § 1420 of the General Statutes. The statute provides, insofar as material upon the question before us, that "Any person injured . . . by means of a defective road . . . may recover damages from the party bound to keep it in repair; but no action for any such injury shall be maintained against any . . . city . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence shall, within sixty days thereafter, . . . be given . . . to the clerk of such city . . . , unless the action shall be commenced by complaint setting forth [the foregoing facts] . . . within the time limited for the giving of such notice. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its

occurrence if it shall appear that there was no intention to mislead or that such . . . city . . . was not in fact misled thereby."

On November 29, 1939, the plaintiff gave written notice to the defendant setting forth a general description of the time, cause and place of the fall resulting in her injury, and containing the following description of the injury: "a severe contusion and abrasion of her left knee cap with a sinovitis, abrasion on medial side of her left leg, bruises on other parts of her legs and body; and as a result thereof she became nervous, slept restlessly, suffered and continues to suffer pain and impairment of her activities." As the case is presented to us, the fundamental question for determination is whether the plaintiff was entitled under this notice to recover pursuant to § 1420 of the General Statutes for a compressed fracture of the spine which the court justifiably found resulted from her fall.

In the complaint in the action, which was brought January 17, 1940, the plaintiff reiterated in substance the injuries recited in the notice and the effect thereof, including this allegation: "Other slight bruises and abrasions on other parts of her body; Shock to her nervous system; and Considerable pain and disability." An amendment alleged that a condition of Paget's disease was aggravated. A further amendment allowed January 28, 1944, added "to the injuries already described, the following: . . . B. Compressed fracture of the spine. C. Contusions, sprain and strain of the back. D. All of which are of a permanent nature or will last for a long time in the future." The defendant has assigned error in the court's allowance of this amendment and in admitting evidence in support of it. The permission to amend rested in the court's discretion, but, by reason of the

condition precedent as to notice prescribed in the statute (*Forbes* v. *Suffield,* 81 Conn. 274, 275, 70 Atl. 1023), the allowance of the amendment could not be effective to enlarge or extend the plaintiff's right of recovery in violation of the restriction so imposed. Whether the court erred in admitting evidence of the back injury therefore depends upon the effect under the statute of the notice given.

The notice need not be expressed with the fullness and exactness of a pleading, but its intended purpose as required by the statute is to furnish "the recipients such available information as is calculated to assist them in self-protection. [Its] sufficiency is to be tested with reference to that purpose, and in applying the test the circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded a good notice." *Delancy* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 181, 99 Atl. 503. More specifically with reference to the injury, a general description which will apprise the recipient of the nature of it is sufficient; and the extent of the burden of furnishing information upon that subject is to be determined by the circumstances of the case and with the view that this burden is not to be "unreasonably increased by a demand for information which . . . could not reasonably be expected." *Cassidy* v. *Southbury,* 86 Conn. 45, 49, 84 Atl. 291.

The breadth of proof in this case could not be permitted to go beyond such injuries as were fairly embraced within the notice so construed, unless advantage could be taken of the concluding provisions of the statute that no notice shall be held insufficient by reason of an inaccuracy in describing the injury if it appears that there was no intention to mislead or that the defendant was not in fact misled thereby.

*Krooner* v. *Waterbury,* 105 Conn. 476, 481, 136 Atl. 93. One of the five essentials of a valid notice is a general description of the injury. *Sizer* v. *Waterbury,* 113 Conn. 145, 156, 154 Atl. 639. Therefore, where a notice fails to give any description whatever of the injury claimed, the provisions referred to cannot avail to validate it. *Main* v. *North Stonington,* 127 Conn. 711, 713, 16 Atl. (2d) 356. While this is so, the saving clause does serve to obviate inaccuracies in the description of an injury. *Marino* v. *East Haven,* 120 Conn. 577, 580, 182 Atl. 225. The question therefore is whether the words "bruises on other parts of her legs and body," used after the words explicitly describing the injuries to the plaintiff's left knee and leg, constituted, in so far as any injury to her back was concerned, a total failure of description, or an inaccuracy only. We conclude that they fell within the latter category. While by no means specific, the wording used was broad enough to include bruises upon her back which constituted the only visible evidence of the fracture in question. A layman is not necessarily to be held to the use of technical medical terms in describing his injuries or to an accurate forecast of their future involvements.

The court found that the plaintiff in describing her injuries in the notice given did not intend to mislead the defendant as to the nature and extent of her injuries, nor was the defendant misled thereby. This finding the defendant has attacked as being found without evidence. It is true that the plaintiff's own testimony that from the beginning she complained of pain in her back, which she stated was black and blue, indicates that she knew prior both to the giving of the notice and to the filing of the complaint that her back had been injured at least to some extent. She gave an explicit and fuller description of the in-

jury to her left knee, which apparently impressed her as her chief hurt at the time. Bearing upon the question of her intent, this further testimony also is illuminating: "I was aching all over. You don't know where you hurt getting the bump I did." There was evidence that the diagnosis that a compressed fracture existed was first made in November, 1942, predicated upon an examination of x-rays taken February 14, 1940. There was also expert testimony that one might have such a condition for months and not realize that the back was seriously injured. A doctor who, the defendant conceded in oral argument, was employed by the defendant to ascertain the extent of the plaintiff's injuries, examined her on December 8, 1939, and again in February, 1940. On the latter occasion, though his testimony was that she made no complaint as to her back, he did examine the same x-rays upon which subsequently the plaintiff's doctor and a different doctor employed on behalf of the defendant based the diagnosis above mentioned that there was a compressed fracture, as to which both agreed. In view of this and other evidence, the court was warranted in making the finding it did. The notice given the defendant was therefore sufficient to permit recovery for the back injury.

A further contention of the defendant is that the judgment is erroneous because the damages awarded are excessive. The material facts found by the court as to damages are that by reason of the plaintiff's violent and sudden fall the condition of Paget's disease from which she was suffering was aggravated, that she sustained the compressed fracture already referred to, and that "said fall produced serious and lasting consequences to the plaintiff." The defendant's attack upon the finding of these facts fails, for in each instance it is supported by sufficient evidence. The

statement quoted is reiterated in the court's conclusions and the defendant has also attacked it in this connection. While a fuller finding of subordinate facts might better have been made by the trial court, we cannot say that those which were found, interpreted in the light of its memorandum of decision, are not adequate to sustain this conclusion. We cannot hold that the amount of damages awarded was excessive. *Dunstan* v. *Round Hill Dairy, Inc.,* 128 Conn. 300, 302, 22 Atl. (2d) 631.

The final claim of the defendant is that the court erred in admitting in evidence two doctors' bills, one for $160 and the other for $75, solely upon the plaintiff's testimony that these had been presented to her for treatments administered because of her injuries. We have held that "proof of the expenses paid or incurred affords some evidence of the value of the services, and if unreasonableness in amount does not appear from other evidence or through application of the trier's general knowledge of the subject-matter, its reasonableness will be presumed." *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 462, 162 Atl. 4. Under the circumstances in the instant case, this is sufficient authority for our conclusion that the ruling complained of did not constitute reversible error.

There is no error.

In this opinion the other judges concurred.