[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff was injured in a traffic accident and brought CT Page 562 this action against the Commissioner of Transportation pursuant to Section 13a-144 of the General Statutes. The defendant has filed a Motion to Dismiss in which it claims the notice of injury required by the statute was inadequate so that the claim is barred by the doctrine of sovereign immunity and the court has no jurisdiction. Use of a Motion to Dismiss by the state where no notice or inadequate notice has been given and thereby arguing the court has no subject matter jurisdiction is a rather recent development. Historically the notice issue was raised by a demurrer or motion to strike which if granted would allow the plaintiff to plead over. It is interesting to note that the defendant's Motion to Dismiss was filed over two years after the accident and thus beyond the time when suit is permissible under § 13a-144. Where there is no notice as a matter of law the court can and should decide the issue in favor of the state. But in most cases the question of adequate notice is to be decided by the jury. It is rather odd to say that subject matter jurisdiction questions in some or most cases are to be decided by the jury and postponed to the time of trial. I will treat the motion to dismiss as a motion to strike the complaint. I believe that's all the procedural protection the state is entitled to for the purpose of protecting its valid interest in asserting the defense of sovereign immunity.
The question is whether under the facts of this case adequate notice was given to the defendant pursuant to § 13a-144 of the General Statutes. Section 185 of the Practice Book requires that when a plaintiff sues under a statute that requires notice to be given the plaintiff must recite the notice given in the complaint or annex a copy of the notice to the complaint.
Paragraph 8 of the complaint alleges a written notice of the specific injuries set forth in the complaint and a general description of them, the cause of the accident and the time and place of its occurrence was given to the Commissioner on March 17, 1993. A copy of the notice was attached as Exhibit A. Exhibit A is a letter directed by the plaintiff's attorney to the defendant Commissioner within 90 days after the accident that forms the basis of this suit.
The statute requires that no action shall be brought under § 13a-144 for any injury.
 . . . "unless notice of such injury and a general description of the same and of the cause CT Page 563 thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commission."
The letter sets for the cause of the accident and its time and date. It describes the plaintiff as a "claimant" and purports to be a "notice of claim." Beyond that, however, Exhibit A within its body makes no reference to any injury, nor does it describe any injury. The statute provides in part that no action shall be brought unless written notice of any "injury and a general description" of it is given to the Commissioner. Compliance with this aspect of the notice requirement is the only aspect of the notice that is in issue.
The notice provision in § 13a-144 has the same language as that contained in § 13a-149, the defective highway statute. Courts interpreting § 13a-149 as to the notice provision, its meaning and effect refer to cases that have interpreted the same language in § 13a-149 Morico v. Cox,134 Conn. 218, 222-223 (1947). Leading cases in this area are Sizerv. Waterbury, 113 Conn. 145, 156 (1931). and Marino v. EastHaven, 120 Conn. 577 (1935). As the Marino court notes the purpose of requiring notice is to give the government entity involved such information as will enable its agents "to intelligently investigate the facts upon which the claim is based", Id. 579. As said in Marino v. Cox: "The notice is to be tested with reference to the purpose for which it is required",134 Conn. at p. 223.
Despite this general language the actual holding of our court as to the adequacy of notice of injury has always been the following:
 "The description of the injury required . . . is one which, although permitted to be somewhat more general than its predecessor, which required a statement of the `nature and cause' of the injury (Public Acts, 1883 Chap 105), shall be sufficient to apprise the other party of the general character of the injury fairly, and to such an extent as might be reasonably necessary under the circumstances to reasonably protect his (sic) interests. It is a general description of `the direct or immediate injury' as distinguished from the CT Page 564 resulting consequential damages . . . ." Marino v. East Haven, 120 Conn. at pp. 579-580.
Given the purpose of notice, why a general description of the injury is necessary soon after an accident where the time, date and site have been given as well as the fact that a claim is being made is not readily apparent. But the cases interpreting the notice of injury provision of both § 13a-144 and §13a-149 do require what the statutes actually say-notice must be given of "such injury and a general description of the same." Thus notice of injury was held to be inadequate where the injury was referred to as "an injury to her knee necessitating medical treatment." Dunn v. Ives, 23 Conn. Sup. 113, 116 (1961), where it was alleged the plaintiff received personal injuries and his girlfriend took him to the hospital. Wheeler v. Granby,8 Conn. L. Rptr. 642, 643 (1992), also see Mascagna v. Derby, 123 Conn. 684,685 (1937), where it was alleged the plaintiff "got hurt",Main v. North Stonington, 127 Conn. 711, 712 (1940), where it was alleged the plaintiff fell and was injured. Marino v. East Haven, supra, where it was alleged the plaintiff "suffered substantial injuries, the extent of which at this date, cannot be determined, "Blake v. Santoro, 2 Conn. L. Rptr. 429 (1990), where it was alleged that as a result of a fall the plaintiff "sustained serious personal injuries necessitating medical treatment and causing her to incur associated expenses," Mazur v. Defoe, etal., 14 Conn. L. Rptr. 359 (1995). As stated in Shine v. Powers,37 Conn. Sup. 710, 712 (1981). (Appellate Session of Superior Court): "It has been repeatedly held that, while the description in the notice need not be as detailed as that in the complaint, the failure to give any description beyond the mere assertion that the injury or damage occurred, is insufficient to meet the statutory requirements."
The foregoing discussion would be sufficient to grant a motion to strike since the Practice Book requires notice be attached to the complaint and the notice attached as Exhibit A is clearly inadequate. But the plaintiff without objection did argue that a copy of the police report was also submitted to the defendant along with Exhibit A and Exhibit A indicates certain information was being submitted and the police report was listed. The bottom of the first page of the police report has the following notation next to "Operator", the plaintiff-"A". This in itself means nothing but in a supplemental memorandum the plaintiff says the police report "cannot be read in a vacuum and must be read in conjunction with DOT (Department of CT Page 565 Transportation) codes as specified in Exhibit B." The "code" says "A" means an injury that is "disabling — cannot leave scene without assistance (i.e. broken bones, severe cuts, prolonged unconsciousness, etc.)
Why this "code" is a "DOT" code is unclear to me since it appears on a police accident form as a separate page. It is not even clear to me that this separate page setting forth the "code" definition was even sent to the Commissioner along with the first two pages of the police report.[1]
In any event the fact a police officer used a code letter in a report which refers to a generic description of disabling injuries that might or might not relate to the actual injuries suffered by the plaintiff cannot satisfy the requirements of notice. The fact that given the code and its definitions the officer used the code definition "A" means nothing more than that the injury whatever it was, was serious or disabling. An injury can be "disabling" for a variety of reasons in addition to those used in the code definition, that's why the definition ends with "etc." That being so the fact that the defendant was told this plaintiff had an "A" injury does not specify the nature of the injury.
The complaint is ordered stricken.
Thomas Corradino, Judge