[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 9, 1996
FACTS
On December 12, 1995, the plaintiff, Craig Zenobia, filed a single count personal injury complaint against the defendant, Town of Brookfield. The plaintiff alleges that on November 8, 1994, he was walking at the intersection of Old Middle Road and Diana Drive in Brookfield, "when he was caused to fall because of the dangerous and defective conditions of the road." (Complaint ¶ 4.) Plaintiff's complaint sets forth a cause of action pursuant to General Statutes § 13a-149 and alleges that "[n]otice of the incident was duly given to the defendant on December 12, 1994 and January 6, 1995."[1] (Id. ¶ 10). The defendant denied the allegation of notice. (Defendant's Answer ¶ 5.) It has been alleged by the plaintiff and admitted by the defendant that the intersection at issue was within the territorial limits of the Town of Brookfield. (Plaintiff's Complaint ¶ 3 and Defendant's Answer ¶ 3.)
The defendant moves for summary judgment on the ground that it did not receive adequate notice of the plaintiff's injuries as required by General Statutes § 13a-149. The defendant submitted the requisite memorandum of law in support of its motion for summary judgment as well as copies of the notices served on the town dated December 1, 1994 and January 3, 1995.
The plaintiff timely filed a memorandum of law in opposition to the defendant's motion for summary judgment along with an affidavit signed by plaintiff's counsel attesting to the fact there was no intent to deceive or mislead the Town as to the nature of the injuries sustained by the plaintiff. Additionally, the plaintiff submitted the original correspondence that was sent to the Town as notice required by the statute. The plaintiff argues that the statute does not require a specific listing of injuries sustained but instead only requires notice necessary under the circumstances to reasonably protect the interests of the Town. CT Page 6354
The court, at oral argument presented on the motion for summary judgment on September 9, 1996, requested the parties brief the issue of whether a copy of the notice or recitation of the content of the notice be either set forth in the complaint or appended as an exhibit to the complaint. The parties duly submitted memoranda of law on this issue.
The notice given to the town on December 1, 1994 reads as follows:
 Pursuant to Section 7-465 and or Section 7-101a of the Connecticut General Statutes, please take notice of the intention of Craig Zenobia, . . . to commence an action against the Town of Brookfield
. . .
 The claim arises out of injuries sustained by Mr. Zenobia when he fell into an unmarked hole in the road while proceeding on foot along Old Middle Road, in the Town of Brookfield, approximately one-tenth of a mile south of Diana Drive.
 The incident complained of occurred on November 8, 1994. As a result of this incident, Craig Zenobia has sustained personal physical injury, and has been forced to undertake expenses for medical care.
 The claimant listed above will therefore seek damages against the Town of Brookfield and will ask that they be required to indemnify their employees for damages caused by their negligence.
A supplemental notice of claim dated January 3, 1995 was sent to the Town and states in relevant part:
 As a follow up and supplement to my letter of December 1, 1994 please take notice pursuant to Section 7-465 and/or Section 7-101a of the Connecticut General Statutes, of some specific information relating to the unmarked hole CT Page 6355 referred to in that letter.
 The hole was located on the westerly side of Old Middle Road. Since December 1, 1994, in fact, this hole has been repaired by the installation of a catch basin type cement covering and a post.
 All the terms of the December 1, 1994 letter remain in effect and true. The purpose of this letter is to simply supplement the information contained therein.
The December 1, 1994 letter of notice and the January 3, 1995 letter of notice were served on the Town of Brookfield, Ruth Burr, Town Clerk and the Director of Brookfield Public Works Dept., Ron Kilmas. (Amended Return of Deputy Sheriff Edward W. Plate Dated December 12, 1994, returned to this court on September 9, 1996.)
It is noted at the outset that the statute at issue in this case is General Statutes § 13a-149 and not the statutes noted in the letters of notice.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 662 A.2d 1001 (1995). "In deciding on a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Internal quotation marks omitted.) Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507
(1994). "[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted: internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., supra, 235 Conn. 202. CT Page 6356
 I. Sufficiency of the notice pursuant to General Statutes § 13-149
General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time. place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." "The giving of notice sufficient to satisfy the requirements of the statute is a condition precedent to maintenance of an action under it." Marinov. East Haven, 120 Conn. 577, 578-79, 182 A. 225 (1935).
"Th[e] requirement as to notice was not devised as a means of placing difficulties in the path of an injured person." LoRussov. Hill, 139 Conn. 554, 557, 95 A.2d 698 (1953). "The notice need not be expressed with the fullness and exactness of a pleading, but its intended purpose as required by the statute is to furnish `the recipients such available information as is calculated to assist them in self-protection. [Its] sufficiency is to be tested with reference to that purpose, and in applying the test the circumstances of each case are to be considered. If, under the circumstances of a given case, the notice is sufficient for its intended purpose, it will be regarded a good notice.' Delaney v.Waterbury Milldale Tramway Co., 91 Conn. 177, 181, 99 A. 503
(1916). More specifically with reference to the injury, a general description which will apprise the recipient of the nature of it is sufficient: and the extent of the burden of furnishing information upon that subject is to be determined by the circumstances of the case and with the view that this burden is not to be `unreasonably increased by a demand for information which . . . could not reasonably be expected.' Cassidy v.Southbury, 86 Conn. 45, 49, 84 A. 291." Flynn v. First NationalBank Trust Co., 131 Conn. 430, 433, 40 A.2d 770 (1944). There CT Page 6357 is, however, a difference between sufficient notice and the entire absence of an essential element of notice. "[T]he notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury: (c) the cause; (d) the time [and date], and (e) the place thereof." Marino v. East Haven, supra, 120 Conn. 579
(1935).
The plaintiff argues that the statute at issue provides what is commonly referred to as a "savings clause." The pertinent portion of the statute provides: "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." General Statutes § 13a-149. As in Marino, supra, the plaintiff in the present action "seeks to avert the consequences otherwise attaching to [the] total lack of one of the essential elements of notice" by providing an affidavit, signed by his attorney, that he did not intend to mislead, and that the town was not in fact misled by any inaccuracy in the notice. Marino v. East Haven,supra, 120 Conn. 580. The Marino court stated that the savings clause "could not be used to avail to make valid a notice which failed entirely to state the cause of the injury." Id. The court further stated that "[t]he same applies with equal force and finality to the failure of the notice . . . to give any description whatever of the injury claimed to have been sustained." Id. Although the adequacy of the notice is usually a question of fact, "as in the case of an inaccuracy as distinguished from total lack [of a general description of the injury], . . . no such opportunity is open here, the instance being one of entire absence of an essential element of notice."Id. Where there is an entire absence of an essential element of notice, it is "fatal to [the sufficiency of notice] as a matter of law." Id.
"It has been repeatedly held that, while the description in the notice need not be as detailed as that in the complaint, the failure to give any description beyond the mere assertion that the injury or damage occurred, is insufficient to meet the statutory requirements . . ." (Citations omitted.) Shine v.Powers, 37 Conn. Sup. 710, 712, 435 A.2d 375 (1981). In the present case, the notice provided to the Town fails to give any description beyond the mere assertion that injury occurred and is CT Page 6358 therefore insufficient to meet the statutory requirements.
The present case is similar to Main v. North Stonington,127 Conn. 711, 712-713, 15 A.2d 356 (1940), where the notice simply stated that the plaintiff "got hurt," and Marino v. East Haven,supra, 120 Conn. 580, in which the notice stated that the plaintiff "fell and was injured." Here there was no general description of the plaintiff's injuries. Since the notice contained no description of the plaintiff's injuries it fails to satisfy the literal requirement of the statute.
The notice given of the injury is beyond an inaccuracy in describing the injury. Instead, the notice given to the Town by the plaintiff states only that he was injured and fails to provide any details regarding the injury sustained or apprise the Town of the nature of the injury. "The savings clause in the statute obviates inaccuracies in the description of the injury but cannot supply the lack of any description at all." Main v.North Stonington, supra, 127 Conn. 713. For the foregoing reason, the defendant's motion for summary judgment is granted.
Additionally, the court will address the requirement of appending a copy of the notice to the complaint or in the alternative the reciting the content of the notice in the complaint.
 II. Practice Book § 185 — Requirement of appending or reciting notice
Practice Book § 185 states: "Whenever in an action of tort or upon a statute the plaintiff is compelled to allege the giving of a notice required by statute, he shall either recite the same in his complaint or annexed a copy thereto." The plaintiff failed to annex a copy of the notice to the complaint and only alleges that "[n]otice of the incident was duly given to the defendant on December 12, 1994 and January 6, 1995." (Complaint ¶ 10.)
The defendant argues that failure to comply with Practice Book § 185 invokes the subject matter jurisdiction of the court. The court finds that the defendant has not shown that the mere failure to recite the notice verbatim in the complaint or to append it thereto is a fatal jurisdictional defect. The court finds that the proper way to have raised the defect would have been through a motion to strike. Cases under the predecessor of CT Page 6359 General Statutes § 13a-149 have upheld either nonsuit against a plaintiff or set: aside a verdict for failure to prove compliance with the notice, and have stated that a copy of the notice should be attached to or recited in the complaint, relying on a predecessor of the current Practice Book provision. SeeBarteis v. Windsor, 134 Conn. 569, 571, 59 A.2d 535 (1948);Nicholaus v. Bridgeport, 117 Conn. 398, 402, 167 A.2d 826 (1933). If this ground were raised in a motion to strike, the court would be inclined to grant the motion because the complaint alleges only that notice was given to the Town and nothing more. The determination of whether this argument would prevail, however. will wait for another day.
Because the court decides the present motion for summary judgment on the ground discussed above, it will not further discuss the defect occasioned by the plaintiff's failure to comply with Practice Book § 185.
PICKETT, J.