[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO DISMISS # 103
The plaintiff, Irma Goyco, brought this action in two counts, one against the defendant, the City of Waterbury (hereinafter "City"), the other against Wilfred Richards, claiming personal CT Page 9703 injuries resulting from a fall on an alleged defective sidewalk. The plaintiff sent the required notice of the incident to the office of the town clerk of Waterbury via certified mail, dated August 8, 1995. This notice, a copy of which is attached to the complaint, states in relevant part:
 PERSON INJURED: Irma Goyco DATE: 8/7/95 PLACE: Sidewalk outside of 95 Hillside Avenue, Waterbury, Ct.
 DESCRIPTION OF Claimant was walking upon the sidewalk outside of 95 Hillside Avenue, Waterbury, Ct. when she fell on a raised crack in said sidewalk.
On June 6, 1996, the City filed a motion to dismiss the first count of the complaint, accompanied by a supporting memorandum and an affidavit.[1] The City claims that the notice given by the plaintiff, pursuant to § 13a-149, is defective in three respects: (1) as to the description of the plaintiff's injuries; (2) as to the location of the accident; and (3) as to the time of the alleged incident. The City claims the court is without subject matter jurisdiction because of its claim of defective "notice" The plaintiff argues that the motion to dismiss is improper, as the issue of sufficiency of notice under the statute is one of fact, to be determined by a jury.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer 218 Conn. 531, 544,590 A.2d 914 (1991). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Ambroise v. William RaveisReal Estate, Inc., 226 Conn. 757, 764-65 628 A.2d 1303 (1993). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Plasil v.Tableman, 223 Conn. 68, 80, 612 A.2d 763 (1992). "The trial court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." (Internal quotation marks omitted.) Amore v. Frankel, 228 Conn. 358, 371, 636 A.2d 786
(1994). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after CT Page 9704 suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145.
The City argues, inter alia, that the plaintiff's notice fails to meet the requirements of General Statutes § 13a-149
because it does not give a general description of the injuries allegedly sustained by the plaintiff.
General Statutes § 13a-149 provides in relevant part: "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. (Emphasis added.)
Actions provided for under General Statutes § 13a-149 did not exist at common law. Shapiro v. City of Hartford, 4 Conn. App. 315,317, 494 A.2d 590, cert. denied, 197 Conn. 810, 499 A.2d 61
(1985). As such, compliance with the requirements of General Statutes § 13a-149 "is a condition precedent to the action itself"; id.; with "failure to satisfy the notice requirement depriv[ing] the court of jurisdiction." Akerson v. City ofBridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 299053 (June 9, 1994 Rodriguez, J.,9 CSCR 697), appeal dismissed, 36 Conn. App. 158, 649 A.2d 796 (1994). "The obligation to comply with the statute in this respect rests upon the plaintiff, and lacking such sufficient notice he has no cause of action which he can maintain against the defendant town."Marino v. East Haven, 120 Conn. 577, 579, 182 A. 225 (1935).
The question as to the sufficiency of notice under the statute is normally one of fact for the jury. Bassin v. Stamford,26 Conn. App. 534, 539, 602 A.2d 1044 (1992), citing Morico v. Cox,134 Conn. 218, 223-24, 56 A.2d 522 (1947). "Before submitting the question to the jury however the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citations omitted; internal quotation marks omitted.) Ozmun v. Burns,18 Conn. App. 677, 681, 559 A.2d 1143 (1989).[2] Only where the CT Page 9705 notice patently meets these requirements does the question of its sufficiency reach the trier of fact. See Wise v. City ofStamford, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 031070 (January 31, 1992, Flynn, J.)
"The notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of the injury; (c) the cause; (d) the time and date, and (e) the place thereof." (Brackets omitted.) Prattv. Old Saybrook, 225 Conn. 177, 180, 621 A.2d 1322 (1993). "The description of the injury required by (b) is one which . . . shall be sufficient to apprise the other party of the general character of the injury fairly, and to such an extent as might be reasonably necessary, under the circumstances, to reasonably protect his interests." Marino v. East Haven, supra, 120 Conn. 579-80. "[W]hile the description in the notice need not be as detailed as that in the complaint, the failure to give any description beyond the mere assertion that the injury or damage occurred, is insufficient to meet the statutory requirements."Shine v. Powers 37 Conn. Sup. 710, 712, 435 A.2d 375 (App. Sess., 1981). "Therefore, where a notice fails to give any description whatever of the injury claimed the provisions referred to cannot avail to validate it." Flynn v. First National Bank Trust Co.,131 Conn. 430, 434, 40 A.2d 770 (1944).
In the present case, the plaintiff's notice contains no description whatever of the injuries she received as a result of her fall. The only reference to any injury in the plaintiff's notice is the following language "PERSON INJURED: Irma Goyco." Clearly, this notice is patently insufficient under General Statutes § 13a-149, failing completely to describe any injuries allegedly suffered by the plaintiff.
While § 13a-149 does contain a savings clause, it cannot be invoked to cure the plaintiff's defective notice. The savings provision of § 13a-149 provides that no notice given under the statute "shall be held invalid or insufficient by reason of an inaccuracy in describing the injury . . . if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." General Statutes § 13a-149. While the savings clause will "obviate inaccuracies in the description of an injury"; Flynn v. FirstNational Bank Trust Co., supra, 131 Conn. 434; it "cannot supply the lack of any description at all." Main v. North Stonington,127 Conn. 711, 713, 16 A.2d 356 (1940). See also Mascagna v. Derby,
CT Page 9706123 Conn. 684, 685, 194 A. 728 (1937); Dunn v. Ives, 23 Conn. Sup. 113, 114,177 A.2d 467 (Ct. Comm. Pleas, 1961); Norwalk Co-Op v. Town ofGreenwich, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 267800 (July 15, 1992, Lewis, J.).
Since the court finds that the plaintiff's notice is insufficient in its failure to describe or even mention the plaintiff's alleged injuries, the City's other claims as to the inadequacy of the plaintiff's notice need not be addressed.
Accordingly the City's motion to dismiss count one of the complaint is granted.
PELLEGRINO, J.