[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Rosario Testa, instituted this proceeding in the small claims court against the defendant insurer, ITT Hartford, for "damage sustained to his vehicle when it struck a pot hole on George Washington Highway, a roadway in the Town of Ridgefield, Connecticut, on or about March 16, 1996." Subsequently, the case was transferred to the Superior Court.
Prior to commencement of the action, the plaintiff sent a CT Page 11807 letter to the First Selectman of the Town of Ridgefield, which he claims satisfied the statutory notice required by § 13a-149
of the General Statutes. The April 16, 1997 letter, provides in pertinent part: "I know how busy you must be, and how difficult it is to get involved in the type of problem I'm having, concerning my hitting a deep pothole on George Washington Highway, and the damages it caused to my car." He concedes that "the notice sent to the Town of Ridgefield does not state the time of the incident or a specific description of the damaged property."
Against this scenario, the defendant has filed a motion to dismiss asserting that the purported notice "fails to satisfy the requirements General Statutes § 13a-149 . . . [and that] the action was not properly commenced against the party bound to keep said roadway in repair and further the action was commenced against an insurance carrier for the Town of Ridgefield, which is [not] appropriate." Testa contends that the notice provided on April 16, 1997 was sufficient to satisfy § 13a-149.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Practice Book § 143. "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted; internal quotation marks omitted.) Malasky v. Metal Products Corp. ,44 Conn. App. 446, 451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906 (1997).
Section 13a-149, the highway defect statute, provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city . . . unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town . . . ."
"As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with CT Page 11808 notice that meets the statutory requirements. . . . The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. . . . A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality." (Citations omitted.) Martin v. Plainville,240 Conn. 105, 109.[1] Addressing the description of injury element, the Martin court stated: "In Marino v. East Haven, supra, 120 Conn. 578, the plaintiff's notice contained the statement that he `fell and was injured' on Merline Avenue in East Haven. The notice failed to provide any description of the injury. Id. This court held that a general description of the plaintiff's alleged injury was an essential element to a perfected notice under the statute. Id., 580-81. Because the notice lacked this essential element, we concluded that the notice was insufficient as a matter of law and that the plaintiff's action was thus barred. Id. Marino has been the law in this state for more than sixty years, and for the reasons set forth in this opinion, we are not persuaded that this precedent should be overruled." Martin v. Plainville, supra, 109-10.
In the present case, the plaintiff fatally concedes that the notice sent to the Town of Ridgefield does not state the time of the incident or a specific description of the damaged property. Because the notice lacked the essential elements of time and a specific description, that it was insufficient as a matter of law. As a result of the defective notice, the court lacks subject matter jurisdiction, and thus, the defendant's motion to dismiss must be granted.
The plaintiff argues that the application of the statutory savings clause[2] "cures any deficiency in [his] notice." Nevertheless, "[t]he savings clause applies only where the information provided in the notice is inaccurate, not where information is entirely absent." Martin v. Plainville, supra, 113. Thus, the plaintiff in the present case "cannot be afforded the relief of the savings clause because the notice [he] provided failed to give [both the time of the incident and] any description of the injury whatsoever and, thus, did not comport with [two] of the five fundamental requirements for perfected notice." Martin v. Plainville, supra.
The defendant also moves to dismiss on the ground that the action was not properly commenced against the party bound to keep CT Page 11809 said roadway in repair and further the action was commenced against an insurance carrier for the Town of Ridgefield, which is not appropriate. Although the defendant insurer may have been responsible for handling insurance claims resulting from pot holes in Ridgefield, nothing in the facts demonstrates that it was the party bound to fix pot holes on the George Washington Highway in Ridgefield on March 16, 1996. Because the plaintiff here seeks to recover damages for a defective roadway in accordance with § 13a-149, this action properly should have been directed against the Town of Ridgefield rather than its insurer, ITT Hartford.
The motion to dismiss is, accordingly, granted on either or both grounds offered by the defendant.
Moraghan, J.