[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Cecelia Arendt, brings this action for injuries and losses sustained when she tripped over a ridge in the street while attempting to walk across Methodist Street in New London, CT. The plaintiff alleges that the defendant, City of New London, was under a duty to keep and maintain said street in good repair.
On April 27, 1999, the defendant filed a motion for summary judgment and a memorandum of law in support.
On May 14, 1999, the plaintiff filed an objection to the motion and a supporting memorandum of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v. Pomes, 247 Conn. 442, 452,724 A.2d 481 (1999).
The defendant argues that the exclusive remedy of the plaintiff in this action is General Statutes § 13a-149, which requires that a claimant give written notice to either the selectman, City Clerk, or other officer of the municipal corporation, prior to maintaining a cause of action. The defendant further argues that the plaintiff has failed to comply with the this notice requirement because the only notice given by the plaintiff was an accident report filed with the City Manager.
In opposition, the plaintiff argues that the filing of a written notice with the City Manager of New London is the same as CT Page 10205 filing such notice with the first selectman and, therefore, there is statutory compliance.
General Statutes § 13a-149 provides that "any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same and of the cause thereof and of the time and place of the occurrence, shall within ninety days thereafter be given to a selectman orclerk of such town or to the clerk of such city or borough, or tothe secretary or treasurer of such corporation." (Emphasis added.) General Statutes § 13a-149.
"Whether notice is sufficient [to satisfy the statutory requirements] is normally a question of fact for the jury,"Bassin v. Stamford, 26 Conn. App. 534, 539, 602 A.2d 1044 (1 992). "Before submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citation omitted; internal quotation marks omitted.) Ozmun v. Burns, 18 Conn. App. 677, 681,559 A.2d 1143 (1989).
The giving of notice, sufficient to satisfy the requirements of the statute, is a condition precedent to the maintenance of an action under it. Marino v. East Haven, 120 Conn. 577, 578-79,182 A. 225 (1935). "The obligation to comply with the statute in this respect rests upon the plaintiff, and lacking such sufficient notice he has no cause of action which he can maintain against the defendant town." Id., 579. The purpose of requiring a notice is to furnish the government entity involved such information as will enable [it] to intelligently investigate the facts upon which the claim is based." Id.
Here, the plaintiff filed an accident report with the City Manager of New London, wherein the plaintiff gave a general description of the injury sustained, the defective condition complained of, and the time and place of the injury.
The defendant does not argue, nor does the court find, that the notice was inadequate because of its content. Hence, the sole issue presented is whether notice to the City Manager satisfies the notice requirement of General Statutes § 13a-149. CT Page 10206
Exceptions to the manner in which the notice of injury is to be given has been made where the notice, although addressed to the wrong official, reaches the right hands within the requisite period of time. See Costello v. City of Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268834 (April 25, 1991, Katz, J.) ("an improper address should not prove fatal so long as the notice reaches the right hands within the requisite period of time"). See also Bliss v. City of Norwalk,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 135308 (February 9, 1995, D'Andrea, J.) (a notice improperly addressed to the Town Clerk, instead of the City Clerk, satisfies the requirements of 13a-149 because it "reached the right hands . . . within the requisite period of time"); Sbriglio v. Town of Wethersfield, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 439399 (October 18, 1996, Hennessey, J.) (18 Conn. L. Rptr. 72) (notice improperly addressed to Town Manager but which reached Town clerk satisfied requirements of notice under 13a-149).
Here, the City Clerk for the City of New London, Clark Van Der Lyke, by way of affidavit, swears that he is the official responsible for maintaining the statutory notices filed with the City of New London, and that a search of his files reveals no statutory notice filed by or on behalf of the plaintiff. Hence, unlike the aforecited cases, the statutory notice never reached the requisite official within the requisite period of time.
Moreover, the savings clause contained within General Statutes § 13a-149 does not cure the defective notice.
The savings clause provides that "[n]o notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears there was no intention to mislead or that such town, city, corporation, or borough was not in fact misled thereby." General Statutes § 13a-149.
Based on the plain language of the statute, the savings clause is intended to apply to defects in the content of the notice rather than to the manner in which the notice is served.
Consequently, since notice was not received by the requisite city official within the requisite period of time, the notice is CT Page 10207 patently defective. The motion for summary judgment is hereby granted.
Mihalakos, J.