[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON A MOTION TO DISMISS
The plaintiff Mary Motyl was injured as a result of a claimed highway detect. She gave notice of the defect to the defendant City of New Haven in the timely manner as set forth in § 13a-149 of the Connecticut General Statutes.
Section 13a-149, a jurisdictional prerequisite to a suit against a municipality for highway defect, requires written notice within 90 days of the injury and that written notice must give "notice of such injury and a general description of the same."
The notice given in the instant action was admittedly timely but with regard to the description of the injury the notice contained the following information:
 "1. Nature of injury: Left arm, neck, back, shoulder blade, waist."
The City in its motion to dismiss relies largely on Martin v.Plainville, 240 Conn. 105 (1997). In Martin the notice given to the Town of Plainville complained of"injuries she sustained in a fall" and that she "was injured after she tripped over a defect in the sidewalk." No other information was provided about either the nature of the injuries sustained by the plaintiff or the nature of the defect in the sidewalk.
In considering the appeal in Martin the Supreme Court reviewed its earlier holding in Marino v. East Haven, 120 Conn. 577 (1935). There the court had ruled that written notice indicating that the plaintiff "fell and was injured" was insufficient as a matter of law because of the lack of general description of the plaintiff's injuries.
In Martin after reviewing the legislative history the Supreme Court held:
 This legislative history manifests an intent to require more rather than less notice to the town. The legislative history of the statute does not support the plaintiff's argument that a mere statement of injury, without any description of such injury, should suffice under § 13a-149.
Martin, supra at 111.
The court went on to hold:
 Further, there are sound reasons of public policy that support the continuation of our interpretation of § 13a-149 as expressed in Marino. As a matter of fundamental fairness, a municipality should be CT Page 11909 sufficiently apprised of a general description of a plaintiff's alleged injuries so that it can assess its exposure and allocate resources which may be scarce in smaller towns, to facilitate an appropriate investigation and the hastening of a possible settlement. (Citations omitted.) Martin, supra at 111.
As pointed out by Justice Berdon in the dissent in Martin, the Supreme Court's rather strict reading of the notice requirements of § 13a-149
in its 1935 Marino opinion which was reaffirmed in its 1997 Martin
opinion are somewhat difficult to reconcile with the more liberal treatments of § 13a-149 found in the Pratt v. Old Saybrook,225 Conn. 177 (1993) and Lussier v. Department of Transportation,228 Conn. 343 (1994). Nevertheless, not withstanding Pratt, Lussier and Justice Berdon's dissent, the Supreme Court unequivocally held in Martin
that "a mere statement of the injury, without any description of the injury" is not sufficient under § 13a-149.
Clearly "injuries she sustained in a fall" and "was injured after she tripped over a defect in a sidewalk" is an insufficient "mere statement of injury" to a majority of our Supreme Court in 1997. This court must decide whether "nature of the injury: left arm, neck, back, shoulder blade, waist" is a sufficient "description of such injury" to satisfy the holding in Martin.
In the "Defendant's reply to plaintiff's August 9, 2001 objection to defendant's motion to dismiss", the defendant city, to its credit, called to the court's attention a trial court decision by Judge Leheny in Zullov. Borough of Naugatuck, 1997 WESTLAW 537093 (Conn. supra, Docket Number CV 97 0136850. In Zullo, the plaintiff's notice stated that her injuries "included head injuries, left shoulder injuries and back injuries." Judge Leheny wrote "Martin is inapposite however, in that the plaintiff therein gave no description of the alleged injuries. Here, the plaintiff identified those parts of the body injured in the accident."
Judge Leheny further wrote "whether notice is sufficient [to satisfy the statutory requirement] is normally a question of fact for the jury." [Citations omitted.]
This court recognizes that Judge Leheny's decision is not binding. It further recognizes that Judge Leheny, for all practical purposes, was faced with the same question which faces this court. Martin appears to this court to be at the outer limits of a notice that will not suffice. The question is whether Zullo and the instant case move just far enough past Martin so that the question of whether the notice is sufficient CT Page 11910 should be left to the jury for determination.
The court holds that the facts before it are sufficient to cross the necessarily imprecise line between Martin and a sufficient description of the injury.
The motion to dismiss is denied.
By the Court,
Kevin E. Booth Judge of the Superior Court