[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a suit by the plaintiff against the defendant City of New Haven alleging that on December 27, 1999, she sustained personal injuries as the result of a fall on a defective sidewalk located on Whalley Avenue in New Haven. The claim is made pursuant to Connecticut General Statutes § 13a-149 which imposes liability on cities and towns for any injuries caused by a defective road.
In order to bring such a cause of action against the city, the plaintiff is required, within ninety days of the injury, to give written notice to the city giving a description of the injuries, the cause of the injuries, and time and place of the occurrence. The case was tried on September 6, 2002.
The defendant claims that the notice given by the plaintiff, which was within ninety days, was insufficient for failing to give an adequate description of the defect which allegedly caused the injuries. The notice stated that the plaintiff "fell on a defective area of the public sidewalk located on the north side of Whalley Avenue, part of said public highway in the City of New Haven, outside a building with the address of 49 Whalley Avenue, New Haven. The defect consists of an irregularity in the surface of said sidewalk, causing her to trip."
As a condition precedent to maintaining an action under § 13a-149, a plaintiff must provide a municipality with notice that meets the statutory requirements. Pratt v. Old Saybrook, 225 Conn. 177, 180, 621 A.2d 1322 (1993); Sanzone v. Board of Police Commissioners, supra, 219 Conn. 185; Marino v. East Haven, supra, 120 Conn. 578-79. The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; and (5) the place thereof. Pratt v. OldCT Page 14321 Saybrook, supra, 180; Marino v. East Haven, supra 579; Sizer v. Waterbury, 113 Conn. 145, 156, 154A.639 (1931). A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality. Pratt v. Old Saybrook, supra, 180-81; Marino v. East Haven, supra, 579; Nicholaus v. Bridgeport, 117 Conn. 398, 402, 167 A. 826 (1933).
Barbara Martin et al v. Town of Plainville, et al, 240 Conn. 105, 109
(1997).
The evidence indicated that 49 Whalley Avenue had a sidewalk in front of it that measured forty two feet in length and sixteen and one half feet wide. The sidewalk inspector for the defendant found several irregularities of different types on the sidewalk but could not determine which irregularity the notice referred to or who was responsible for the irregularity. In order for the notice to be sufficient it must enable a person of ordinary intelligence, using due diligence, to be able to locate the defect. The term "irregularity" is entirely too vague to constitute compliance with the statute. One is left to one's imagination with respect to the nature of the defect when it is described as an "irregularity." The court finds that the notice given in this case was inadequate.
The plaintiff has pointed out that section 13a-149 has a savings clause which protects a person where the notice was defective. The savings clause provides that "no notice given under the provision of this section shall be held invalid or insufficient by reason of an inaccuracy in describing . . . the place or cause . . . if it appears that there was no intention to mislead, or that such . . . city . . . was not in fact misled thereby." That clause applies only where the information provided is inaccurate. See Martin v. Plainville, supra 113. The notice in this case was inadequate because of a failure to state what the defect was, not because of any inaccuracy, and therefore, the savings clause is of no assistance to the plaintiff.
The finding of the court with respect to the inadequacy of the notice is sufficient to render judgment for the defendant based on a lack of jurisdiction, but since the court heard the case in full this memorandum will also deal with the merits of the case.
To prove a breach of statutory duty under § 13a-149, "the plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the CT Page 14322 particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." Lukas v. New Haven, 184 Conn. 205, 207, 439 A.2d 949 (1981); accord Janow v. Ansonia, 11 Conn. App. 1, 2-3, 525 A.2d 966 (1987).
Christopher Prato v. City of New Haven, 246 Conn. 638, 642 (1998).
The plaintiff must prove that a "defect" was the cause of her fall and injuries. A defect has been defined as anything which would necessarily obstruct someone using the road or which would be likely to cause injury to someone using the road. See Chazen v. New Britain, 148 Conn. 349, 352
(1961). In this case the plaintiff testified that she tripped over a place on the sidewalk which is circled on a photograph, Exhibit H. She described it as a "raised sidewalk." There was no other evidence with respect to the alleged defect. Exhibit H does show a slight difference in elevation between two of the slabs in the sidewalk where the plaintiff claims she tripped. It appears to the court to be less than one half inch. This condition on the sidewalk is trivial in nature and the court finds that the plaintiff has failed to prove that her fall and injuries were caused by a defect.
There is no evidence that the defendant had actual notice of the alleged defect or that it had existed for such a period of time that the defendant should have known of it and remedied the condition. The plaintiff offered no evidence which would support constructive notice nor is the court able to find constructive notice based on Exhibit h.
Accordingly, for the foregoing reasons, judgment may enter for the defendant.
___________________ William L. Hadden, Jr Judge Trail Referee CT Page 14323